# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CATERPILLAR FINANCIAL SERVICES CORPORATION**     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 3:16-CV-089-MPM-RP**

**STEPHEN RAY TURNER D/B/A TURNER DIRT**     **DEFENDANT**

---

**STEPHEN RAY TURNER D/B/A TURNER DIRT**     **THIRD PARTY PLAINTIFF**
**v.**

**THOMPSON MACHINERY COMMERCE
CORPORATION and CATERPILLAR FINANCIAL
SERVICES CORPORATION THIRD PARTY**     **DEFENDANTS**

## ORDER

This cause comes before the court on the motions of counter-defendants to dismiss the counterclaims filed against them in this action. This court, having considered the memoranda and submissions of the parties, is now prepared to rule.

This case is, by all appearances, a rather routine collection action, which was originally filed by Caterpillar Financial Service Corporation ("Caterpillar") against Stephen Ray Turner, d/b/a Turner Dirt ("Turner"), for failure to make the payments required under the lease of certain heavy equipment. Turner initially failed to respond to Caterpillar's complaint, and a default was entered by the clerk against him. However, Caterpillar later agreed to set aside the default after Turner retained counsel in this matter. Turner's new counsel initially mounted a rather aggressive defense, asserting counterclaims against both Caterpillar and Thompson Machinery

1

Commerce Corporation ("Thompson"), a Caterpillar affiliate which sold the equipment at issue.[1]

In his counterclaims, Turner alleged that some of the equipment at issue in this case had been defectively manufactured by Caterpillar and that Thompson had failed to repair it, rendering them each liable for breach of warranty. In January and February 2017, both Caterpillar and Thompson responded to Turner's counterclaim with motions to dismiss, arguing that he had failed to state a claim upon which relief might be granted. These motions to dismiss Turner's counterclaims on their substantive merits are still pending before this court, but they have since been superseded by the question of whether he intends to prosecute his claims at all. From reviewing the record, it appears that the first doubts in this regard were raised by Turner's own counsel, who filed motions to withdraw based on their client's failure to communicate with them. In a March 3, 2017 motion to withdraw, Turner's then-counsel J. Hale Freeland wrote that:

> For the last two months, the undersigned counsel has been unable to communicate with Turner, though attempts have been made through repeated texting, phone calls, emails and letters asking Mr. Turner to communicate. *** The undersigned cannot represent a client he cannot communicate with, and Mr. Turner has not complied with that and his other obligations he made in retaining the law firm.

[Docket entry 51]. Freeland attached to his motion copies of letters he had written to Turner, which referenced numerous other unsuccessful attempts to contact him. In a February 20, 2017 letter, Freeland threatened to withdraw as counsel if Turner did not communicate with him, and he warned his client in bold capital letters that:

> **PLEASE BE ADVISED THAT NOT HAVING COUNSEL IS LIKELY TO RESULT IN A DEFAULT AGAINST YOU IN THE FULL AMOUNT CATERPILLAR SAYS YOU OWE.**

---

[1] It appears that Thompson is more accurately regarded as a third party defendant, but this court will refer to both it and Caterpillar as counter-defendants, for simplicity's sake.

[Docket entry 51, exhibit A at 3].

In a March 22, 2017 order, Magistrate Judge Percy granted the motion to withdraw, and he specifically warned Turner that his claims were subject to dismissal if he did not express an intent to prosecute them. Specifically, Judge Percy wrote that:

> J. Hale Freeland, Beth H. Smith, and the law firm of Freeland Martz, PLLC, are permitted to withdraw as counsel of record for Stephen Ray Turner d/b/a Turner Dirt. No later than April 21, 2017, Turner must do one of the following: (1) retain other counsel, (2) notify the Court that he intends to proceed pro se [that is, to represent himself], or (3) notify the Court that he does not intend to prosecute his counterclaim and/or continue his defense of Cat Financial's claim. **Turner is warned that failure to comply with Orders of this Court may result in sanctions, <u>up to and including dismissal of his claim</u>, as failure to comply with this Order or other Orders may lead to a presumption that he has chosen not to proceed with this case**.

[Docket entry 56 at 2 (emphasis in original)]. Judge Percy thus set a specific deadline of April 21, 2017 for Turner to clarify his intentions *vis a vis* his claim.

Turner failed to respond to this order, and, on April 28, 2017, Judge Percy issued another order continuing a previously-scheduled settlement conference based upon Turner's unexplained silence. In that order, Judge Percy wrote that:

> On April 27, 2017, counsel for Cat Financial contacted the Court, on behalf of Cat Financial and Thompson Machinery, via e-mail requesting that the settlement conference be cancelled due to Stephen Ray Turner d/b/a Turner Dirt's (Turner) failure to comply with the Court's March 22, 2017 Order requiring Turner to retain counsel or notify the Court of his intention to proceed pro se, or notify that the Court that he does not intend to prosecute his counterclaim or continue his defense of the claims against him. *See* Docket 56. The Court has considered Cat Financial and Thompson Machinery's position and reviewed the posture of the case and will continue the settlement conference until further order of the Court.

[Docket entry 59 at 1-2].

On May 4, 2017, Judge Percy entered yet another order referencing Turner's continued

failure to prosecute his claims or to even express his intention to do so. In denying Caterpillar's request to extend certain deadlines, Judge Percy noted that he would first need to have clarification of whether Turner intended to proceed with his counterclaim at all, before making scheduling decisions regarding the case. Specifically, Judge Percy wrote that:

> Considering the current posture of this litigation as well as Cat Financial's representations that it intends to file a motion to dismiss as well as a motion for summary judgment related to Turner's failure to designate an expert to comply with the Court's March 22, 2017 Order, the Court declines to extend Cat Financial's deadline for designating experts at this time. The Motion to Extend Deadline for Designating an Expert in Response to Turner's Counterclaim is **DENIED.** In the event that Turner notifies the Court that he intends to prosecute his counterclaim and seeks leave to designate an expert, the Court will similarly consider any request made by Cat Financial to designate an expert.

[Docket entry 61 at 1-2].

Taken together, these orders should have made it abundantly clear to Turner that the litigation of the claim he chose to file had ground to a halt over his failure to take the simple step of clarifying that he intended to go forward with his claim. Moreover, the simple fact that a federal judge set a specific deadline for Turner to clarify his intentions, which has long since passed, should have left no doubt regarding the necessity of prompt action. Nevertheless, the docket reveals no response by Turner to any of these orders, and, on May 22, 2017, Caterpillar and Turner filed the instant motion to dismiss for failure to prosecute. Consistent with his prior actions in this case, Turner made no response to this motion, nor does the docket reveal any other actions taken to prosecute his counterclaims (or, for that matter, to defend himself against Caterpillar's original claim).

A claim should be dismissed with prejudice for non-compliance with a court order where there "is a clear record of delay or contumacious conduct by the plaintiff . . . and a lesser sanction

4

would not better serve the interests of justice." *Millan v. USAA GIC*, 546 F.3d 321, 326 (5th Cir. 2008) (emphasis added). In arguing that this standard is met in this case, defendants write that:

> Here, there is a clear record of delay *and* contumacious conduct. First, Mr. Turner failed to timely respond to the Complaint and was defaulted. Second, he failed to communicate with his attorney to such an egregious extent that his attorney was forced to withdraw. Third, he failed to serve any written discovery or otherwise attempt to prosecute his counterclaim. Fourth, he failed to designate an expert in support of his product liability claim. Fifth, and finally, he failed to comply with this Court's mandate to declare whether and how he intends to proceed with his counterclaim.
> Dismissal with prejudice is therefore appropriate here, because at least **two** aggravating factors are present, and only **one** such aggravating factor is needed to support a dismissal with prejudice. Those aggravating factors are: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan*, 546 F.3d at 326. First, much of the delay can be attributed directly to Turner, specifically (1) his failure to timely respond to the Complaint, (2) his failure to communicate with his attorney, (3) his failure to designate an expert witness, and (4) his decision to willfully ignore this Court's simple, clear, and direct order to state whether he intends to proceed.
> Second, Cat Financial has been prejudiced. It has incurred needless expense and delay in a simple collection action. It has also recently been denied an extension of its expert deadline, thereby creating the risk that it will be forced to try the issues presented in the counterclaim without an expert. . . . The Fifth Circuit, this Court, and the Southern District have all recognized the propriety of dismissal under circumstances similar to those presented here. *E.g., Blakney v. Comm'r of Soc. Sec.*, No. 1:12CV169-LG-JMR, 2013 WL 679552 at *1 (S.D. Miss. Dec. 20, 2013) (dismissing case with prejudice because plaintiff failed to respond to magistrate's show cause order); *E.g., Smith v. Tex. Dep't of Criminal Justice Institutional Div.*, 79 Fed. App'x 61, 63 (5th Cir. 2003) (district court did not abuse discretion in dismissing case with prejudice for failure to comply with court order to file amended complaint). This Court should follow those prior decisions and dismiss this case with prejudice.

[Defendants' brief at 3-4].

This court agrees with counter-defendants' arguments; indeed, it notes that Turner's failure to respond to the instant motion to dismiss constitutes yet another example of his "delay and contumacious conduct" in this case. While this court is aware that more lenient standards

5

apply to *pro se* litigants, it can discern no good reason why Turner would repeatedly fail to offer his attorney and Judge Percy even a cursory notification of his intention to proceed with his counterclaim. Such a notification would not require any legal expertise whatsoever, and failing to provide it clearly evidences disrespect for the legal proceedings which he chose to institute. For this reason, this court concludes that any remedy short of the one specifically raised by Judge Percy in his warning to Turner, i.e. dismissal, "would not better serve the interests of justice." *Id*. This court therefore concludes that counter-defendants' motion to dismiss plaintiffs' counterclaim is well taken and due to be granted.

This court will, however, make one qualification upon its ruling today. This court's ruling is based upon the assumption that Turner's contact information, as stated on the docket, is correct and that he actually received the communications and orders referenced in this order. If, however, Turner can prove that he did not actually receive the previously-discussed warnings from his counsel and Judge Percy, then this court will consider setting aside its order today and allowing his counter-claim to proceed. With that caveat, this court does not believe that Turner, or any other litigant, is entitled to simply decide that he had better things to do than respond to repeated warnings and inquiries from attorneys and judges attempting to litigate the claim he chose to file. This court also notes that its order today only relates to the *counterclaim* filed by Turner, and not to his defense of the original collection action filed by Caterpillar. Turner remains a defendant to that collection action, and this court emphasizes that he still has the opportunity to defend himself against it, <u>if he can bring himself to act</u>. If Turner does not act,

however, then he will see default entered against him once again.[2]

As a final piece of judicial housekeeeping in this matter, this court notes that Caterpillar has filed a motion to strike Turner's jury trial demand, based upon its contention that the loan agreements in this case waived that right. Caterpillar alternatively seeks to be allowed to conduct discovery on the issue of whether that waiver is enforceable, and this court concludes that this is the better approach. *See Donnelley v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495, 509-10 (D. Md. 2013) ("Discovery and further development of the [facts] may provide relevant guidance to the Court in deciding whether to strike Plaintiff's jury demand."). This court will therefore allow discovery to be conducted on this issue, prior to making any formal determination regarding whether a jury trial is available in this case. However, this court reiterates that, if Turner does not take action to defend against Caterpillar's collection action, then there will be no trial of any kind in this case, whether it be a bench trial or jury trial. Once again, the ball is in Turner's court on this issue.

It is therefore ordered that counter-defendants' motion to dismiss Turner's counterclaims for failure to comply with Judge Percy's order [62-1] is granted. Counter-defendants' prior motions [37-1 and 45-1] to dismiss those counterclaims will be dismissed as moot. Caterpillar's motion [22-1] to strike Turner's jury trial demand is dismissed without prejudice to its re-filing after discovery on this issue has been conducted.

---

[2]This court directs Caterpillar to give Turner additional opportunity to mount a defense to the collection action before filing any renewed motion for default judgment.

So ordered, this, the 22nd day of June, 2017.


                                                /s/ Michael P. Mills
                                                UNITED STATES DISTRICT COURT
                                                NORTHERN DISTRICT OF MISSISSIPPI